VANNECK REALTY CORPORATION, Appellant, v. THE CITY OF NEW YORK and Others, Respondents.

First Department, May 3, 1940.

*Orrin G. Judd* of counsel [*Alfred T. Davison* with him on the brief], for the appellant.

*Daniel M. Cohen* of counsel [*Julius Isaacs* and *Lewis Orgel* with him on the brief; *William C. Chanler, Corporation Counsel*], for the respondents.

CALLAHAN, J. The gist of plaintiff's complaint is that defendant, The City of New York, is proceeding to condemn a strip of land between the plaintiff's lands and the East river, and that the plaintiff will be deprived of just compensation for certain riparian and wharfage rights claimed to be appurtenant to its land, unless the present proceedings to condemn are enjoined.

It appears from the complaint that the city is proceeding under section 706 of the New York City Charter, and section 706–3.0 of the Administrative Code of the City of New York (Laws of 1937, chap. 929). These statutes relate to the acquisition of lands for wharf purposes and the improvement of waterfront.

Plaintiff alleges that in fact the city intends to use the land taken for the new East River Drive, *i. e.*, for highway purposes and not for wharf purposes. Plaintiff seeks to enjoin the prosecution of the present condemnation proceeding and the construction of the proposed East River Drive, deeming such injunction necessary to protect its rights to just compensation. Plaintiff asserts that defendant has failed to comply with the requirements of section H41–10.0 of the Administrative Code, prescribing the steps to be taken in connection with the construction of the East River Drive.

The court will not impute other than proper motives to the discretionary acts of municipal bodies. (*McCabe* v. *City of New York*, 213 N. Y. 468; *Matter of City of New York* [*Ely Avenue*], 217 id. 45, 59; *Matter of Public Service Commission*, Id. 61.) Assuming that two statutes exist authorizing condemnation proceedings, it would ordinarily lie in the discretion of the administrative authorities to determine under which statute to proceed. However, the constitutional right to just compensation for property taken cannot be flouted by a taking under the guise of one improvement, if, in truth and in fact, the taking contemplates another use.

After examination of the resolutions authorizing the present proceeding, we can see no reason why the condemnation court in the present proceeding may not consider all matters relevant to the question of whether plaintiff's property, including its riparian and wharfage rights, are being taken or interfered with, even though the taking is said to be for the improvement of the waterfront. One of the elements which the court may consider in determining the question is the effect of the present statute empowering the con-

struction of an elevated highway on a marginal street. (Administrative Code, § H41–10.0, subd. a.)

If it should appear hereafter that by reason of the procedure adopted plaintiff is being deprived of property rights without just compensation, the courts will protect plaintiff. Until then, no basis for injunctive relief exists (*Guest* v. *City of Brooklyn*, 69 N. Y. 506), even through we assume the truth of the allegation in the complaint that the city contemplates the use of the marginal street for the East River Drive.

The order dismissing the complaint, without prejudice to future action, and the judgment entered thereon should be affirmed, with costs.

MARTIN, P. J., GLENNON, UNTERMYER and COHN, JJ., concur.

Order and judgment unanimously affirmed, with costs.